# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARIA OROZCO, | CASE NO. 09-CV-1894 JLS (BLM) |
|---|---|
| Plaintiff, | **ORDER: (1) GRANTING DEFENDANT DHI MORTGAGE COMPANY, LTD., L.P.'S MOTION TO DISMISS AND** |
| vs. | **(2) DISMISSING ALL CLAIMS AGAINST DEFENDANT DHI MORTGAGE COMPANY, LTD., L.P. WITH PREJUDICE** |
| DHI MORTGAGE CO. LTD, LP.; OCWEN LOAN SERVICING, LLC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; et al., | (Doc. No. 45) |
| Defendants. | |

Presently before the Court is Defendant DHI Mortgage Company, LTD., L.P.'s motion to dismiss the Second Amended Complaint (SAC). (Doc. No. 45.) Also before the Court are Plaintiff's opposition and Defendant's reply. (Doc. Nos. 47 & 48.) After full consideration, the Court **GRANTS** Defendant's motion and **DISMISSES WITH PREJUDICE** all claims against Defendant DHI.

## BACKGROUND

The factual background of this case was set forth in detail in the Court's February 10, 2010 Order granting the Defendants' motions to dismiss. (Doc. No. 33 (Prior Order) at 2.) That summary is incorporated by reference here.

Plaintiff filed the Complaint in this case on August 31, 2009. (Doc. No. 1.) On October 22, 2009, Defendant Ocwen filed a motion to dismiss. (Doc. No. 5.) Similarly, on November 3, 2009,

1 Defendant DHI Mortgage Co. Ltd., L.P. filed a motion to dismiss. (Doc. No. 9.) The deadlines for Plaintiff's responses to these motions came and went without any substantive opposition. (Doc. Nos. 7 & 11.) Instead, Plaintiff sought additional time to amend her Complaint, which the Court granted. (Doc. Nos. 12, 13, & 14.) On November 30, 2009, Plaintiff filed her First Amended Complaint. (Doc. No. 16.) Again, Defendants DHI and Ocwen each filed a motion to dismiss. (Doc. Nos. 20 & 22.) And although Plaintiff timely responded to Defendant DHI's motion, her opposition to Defendant Ocwen's motion was outside of the time set by the Court. (Doc. Nos. 24, 27, & 28.) On February 10, 2010, the Court granted both motions to dismiss and dismissed the First Amended Complaint in part with prejudice and in part without prejudice. (Prior Order at 14.)

On January 21, 2010, while the second set of motions to dismiss were pending before the Court, Plaintiff filed a motion for leave to file a Second Amended Complaint. (Doc. No. 31.) She did so in spite of the Court's express directive that such a motion would not be considered. (*See* Doc. No. 19 ("The Court will not entertain any further requests to amend the complaint while a motion to dismiss is pending unless all parties indicate their consent to such motion in writing.").) Attached to this motion was a proposed Second Amended Complaint. (Doc. No. 31-2.) After dismissing the First Amended Complaint, the Court granted this motion and allowed Plaintiff until March 3, 2010 to file a Second Amended Complaint. (Prior Order at 14.)

On March 9, 2010, with no amended complaint on file, Defendant Ocwen moved the Court to dismiss the entire matter with prejudice. (Doc. No. 34.) Plaintiff requested that the Court deny this motion and allow her to have the Exhibit to her first motion to amend docketed as the SAC. (Doc. No. 37.) She made this request even though the proposed SAC was drafted prior to the Court's Order dismissing her First Amended Complaint. Although Defendants opposed the request, the Court granted Plaintiff's motion on April 16, 2010 and ordered the SAC filed. (Doc. No. 41.)

On April 26, 2010, Defendant DHI moved to dismiss the SAC. (Doc. No. 45.) Plaintiff filed her opposition on May 25, 2010 and DHI filed its reply on June 1, 2010. (Doc. Nos. 47 & 48.)

//
//
//

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

//

//

# ANALYSIS

Defendant DHI originated Plaintiff's loan. (SAC ¶ 8.) The SAC sets forth claims against Defendant DHI for intentional misrepresentation, quiet title, violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, unfair business practices, and violations of California Civil Code section 1632.

## I. CONCEDED CLAIMS

In this Court's Prior Order, it noted that Plaintiff had conceded six of her claims against Defendant DHI. (Prior Order at 3.) Among those claims conceded were Plaintiff's quiet title claim and both of her RESPA claims. In the Second Amended Complaint, Plaintiff attempts to reassert two of the conceded claims against Defendant DHI, specifically the quiet title claim and the failure to provide documentation RESPA claim.[1] (*See* SAC ¶¶ 43–47 & 67–72.) These claims were already dismissed with prejudice and should not have been reasserted here. They are therefore again **DISMISSED WITH PREJUDICE**.

## II. INTENTIONAL MISREPRESENTATION

Plaintiff's first cause of action is for intentional misrepresentation. (SAC ¶¶ 23–42.) Plaintiff alleges that "Defendant DHI provided with (sic) documents that contained material misstatements of fact and also failed to provide all required loan documents." (FAC ¶ 24.) The Court infers from the SAC that Plaintiff believes that these misrepresentations included the fact that the initial interest rate was lower than the fully indexed interest rate at the time the loan closed and Defendant DHI "under-disclosed" the finance charges. (*Id.*) She also claims that DHI "failed to inform Plaintiff of her right to rescind, and failed to disclose numerous federal safeguards in the application process." (*Id.* ¶ 25.)

---

[1] Plaintiff's claim that "[t]he Second, Third and Fifth claims for relief **are not alleged against DHI**" conflicts with the allegations on the face of the SAC. (Opp. at 8.) The fifth cause of action specifically states that it is "against Defendants DHI and DOES 1–7." (SAC at 13 (emphasis added).) The second cause of action is alleged "against Defendants," leaving the distinct impression that it is against all Defendants, including DHI. (*Id.* at 8.) The argument that "if the SAC does not name Defendant DHI under a Claim for Relief, then that claim is not being alleged against Defendant DHI," would lead to the conclusion that the second cause of action is not being alleged against *any* Defendant, but this cannot possibly be correct. (Opp. at 8.) Moreover, if the Court accepted this logic it would also have to find that the sixth cause of action is not against Defendant DHI, yet Plaintiff defends this claim in her opposition to the motion, implying that she intended DHI to be liable. (*See* SAC at 15 (alleging the sixth claim for relief "against Defendants"); Opp. at 7 ("Plaintiff's claim for violation of CA Business and Professions Code §17200 must be sustained.").)

1  Nor, allegedly, did Defendant DHI provide "the Initial Goof (sic) Faith Estimate or an Initial TILA."
2  (*Id.* ¶ 26.) Plaintiff alleges that she discovered these false representations within the past year. (*Id.*
3  ¶ 40.) She claims that these allegations "clearly outline[] the misrepresentations and violations which
4  occurred during the closing of escrow on her mortgage loan from Defendant DHI." (Opp. at 2.)

5      In this Court's Prior Order, it dismissed Plaintiff's intentional misrepresentation claim against
6  Defendant DHI because (1) "Plaintiff's claim for intentional misrepresentation [was] 'implausible'
7  in light of the facts pled," and (2) "Plaintiff ha[d] not met [the] heightened standard" of pleading fraud
8  under Federal Rule of Civil Procedure 9(b). (Prior Order at 6–7.)

9      These problems remain in the SAC and require **DISMISSAL WITH PREJUDICE**.
10  However, since Defendant's argument focuses solely on the question of whether Plaintiff's claim is
11  pled with the requisite particularity under Federal Rule of Civil Procedure 9(b), that will also be the
12  Court's focus here. Rule 9(b) states that "In alleging fraud or mistake, a party must state with
13  particularity the circumstances constituting fraud or mistake." These allegations must "be 'specific
14  enough to give defendants notice of the particular misconduct . . . so that they can defend against the
15  charge and not just deny that they have done anything wrong.' Averments of fraud must be
16  accompanied by 'the who, what, when, where, and how' of the misconduct charged. '[A] plaintiff
17  must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set
18  forth what is false or misleading about a statement, and why it is false.'" *Vess v. Ciba-Geigy Corp.*
19  *USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citations omitted); *see also* Prior Order at 6. And, as has
20  been noted several times during this case, Rule 9(b) applies to this claim because intentional
21  misrepresentation, whether affirmative or by matter of concealment, is a form of fraud. (*See, e.g.*,
22  Prior Order at 5–6 (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003) and
23  *Cadlo v. Owens-Illinois, Inc.*, 23 Cal. Rptr. 3d 1, 5 (Cal. Ct. App. 2004)).)

24      Plaintiff clearly has not identified the "who," "when," "where," of the alleged
25  misrepresentations and is deficient in terms of identifying the "what" and "how." *Vess*, 317 F.3d at
26  1106. She has not alleged any names, dates, or places involved in the misrepresentations or the
27  omissions. Although Plaintiff's complaint explains that someone verbally made these
28  misrepresentations, she does not indicate who said this, whether it was over the telephone or in person,

or where or when these misrepresentations were made. (SAC ¶ 39.) This is an inadequate degree of specificity in light of Rule 9(b)'s requirements. (*See* Prior Order at 5–6, 8.)

Moreover, the Court is unpersuaded by Plaintiff's counter-arguments. For example, Plaintiff repeatedly claims that she will be able to provide the necessary additional detail after discovery. (*See, e.g.*, Opp at 3 ("Any argument that Plaintiff has not given the names of specific persons can only be facilitated through discovery; upon ascertaining this additional information Plaintiff will amended appropriately.") & 4 ("Any argument that Plaintiff has not given specific enough locations and times can only be facilitated through discovery; upon ascertaining this additional information Plaintiff will amended appropriately.").) However, Rule 9(b) does not afford her that luxury. Her "alleg[ations of] fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). It does not provide exceptions where the "Plaintiff is limited to her memory of the persons involved" or "of the timelines (sic) and locations." (Opp. at 3–4.) Further, this is a much more stringent standard than Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement. Given the lack of specificity, Plaintiff has not met her Rule 9(b) burden in the SAC.

Similarly, the Court is unpersuaded that "[t]his Claim meets the *Vess* test." (Opp. at 5.) Plaintiff's selective reading of *Vess* misstates the standard. The holding in that case is not just that "the averments must 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge.'" (*Id.* at 5 (quoting *Vess*, 317 F.3d at 1106).) The allegations must allow the Defendant to "'defend against the charge <u>and not just deny that they have done anything wrong</u>.'" *Vess*, 317 F.3d at 1106. To qualify under this standard, *Vess* explained, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. '[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Id.* Plaintiff's allegations simply are not specific enough to meet the Rule 9(b) fraud standard articulated by the 9th Circuit in *Vess*.

As such this claim must be **DISMISSED**. Moreover, given that Plaintiff's Second Amended Complaint fails to account for the guidance provided by this Court in its Prior Order, the Court must conclude that this dismissal should be **WITH PREJUDICE**.

### III. TRUTH IN LENDING ACT ALLEGATIONS

The fourth cause of action, and second claim against Defendant DHI, is based on the federal Truth In Lending Act (TILA), 15 U.S.C. §§ 1601–1666j. (SAC ¶¶ 57–66.) According to Plaintiff, the Defendants "violated the requirements of HOEPA and Regulation Z by failing to make required disclosure" regarding the right of rescission, the annual percentage rate, and the amount borrowed. (*Id.* ¶ 64.)

The Court held in its Prior Order that Plaintiff's "deadline for filing suit . . . [was] December 17, 2007" because he consummated her loan on December 17, 2006. (Prior Order at 7.) Moreover, the Court found that "the equities do not require tolling of the limitations period," because "Plaintiff had a reasonable opportunity to discover the failure to turn over the allegedly omitted documents on the day that the loan closed. The fact that she did not undertake an investigation of those documents until substantially later is no reason to compromise Congress's stated limitations period." (Prior Order at 7–8.) It therefore dismissed the TILA claim. (*Id.* at 8.)

Plaintiff's amendment of her TILA claim does not change this conclusion. As this Court has previously explained, TILA damages claims must be brought within one year of the date a loan transaction is consummated. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986); 15 U.S.C. § 1640(e); *see also* Prior Order at 7. Nonetheless, equitable tolling may be available "if the general rule would be unjust or frustrate the purpose of the Act." *King*, 784 F.2d at 915. The *King* court explained that this involved "allegations of fraudulent concealment which by their very nature, if true, serve to make compliance with the limitation period imposed by Congress an impossibility." *Id.* (quoting *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984)).

The SAC adds no new facts for the Court's consideration, thus requiring the same conclusion. Even if Plaintiff proved every fact set forth in the SAC, she would not be entitled to equitable tolling. For example, TILA's statute of limitations is not triggered by the discovery of a violation, but begins to run on the day the loan is consummated. *King*, 784 F.2d at 915. Thus, the fact that "Plaintiff was not made aware of the material disclosures in connection with the loan until within the last year" does not entitle her to tolling. (Opp. at 6.)

Similarly, and as previously noted, "although Plaintiff speaks Spanish, there is no allegation

that she does not speak and read English or that she could not understand these documents. Nor would such an inability necessarily mandate statutory tolling even if alleged." (Prior Order at 7–8.) The question, instead, is whether it would have been impossible to discover the alleged violations because of Defendant's actions preventing their discovery. Claims that Defendant acted in such a way are not included in the SAC.

As to the request for rescission, Plaintiff simply does not defend it. Plaintiff previously represented that she was "not seeking rescission relief against DHI." (Doc. No. 23 at 4; *see also* Prior Order at 7 n.3.) Thus, the Court must conclude that she has conceded this part of the TILA claim.

Since the SAC fails to state a TILA claim, the fourth cause of action must be **DISMISSED**. The Court also finds that because the SAC reflects no attempt by Plaintiff to cure the deficiencies laid out in the Court's Prior Order, this dismissal must be **WITH PREJUDICE**.

### IV.    CALIFORNIA CIVIL CODE § 1632 CLAIM

Next, the Court will review Plaintiff's seventh cause of action which asserts violations of California Civil Code § 1632. (SAC ¶¶ 78–82.) Plaintiff alleges that "Defendants engage in a trade or business . . . and negotiate contracts primarily in Spanish, and are required to provide said contracts to be translated into Spanish." (*Id.* ¶ 79.) She also claims that her primary language is Spanish and "Defendant's representative discussed the terms of the loan with Plaintiff in Spanish." (*Id.* ¶¶ 80 & 81.) Finally, Plaintiff asserts that "no pertinent documents were provided in Spanish." (*Id.* ¶ 81.)

Section 1632 requires anyone engaged in a trade or business to provide a written Spanish translation of agreements when the agreement's negotiations occur primarily in Spanish. Cal. Civ. Code § 1632(b). Loans and extensions of credit secured by real property are generally excluded from this requirement. Cal. Civ. Code § 1632(b)(2). There is, however, an exception when the loan is negotiated by a real estate broker. Cal. Civ. Code § 1632(b)(4); Cal. Bus. & Prof. Code § 10240. A real estate broker is one who "solicits borrowers, or causes borrowers to be solicited, through express or implied representations that the broker will act as an agent in arranging a loan, but in fact makes the loan to the borrower from funds belonging to the broker." Cal. Bus. & Prof. Code § 10240(b).

Several major issues require the dismissal of this claim. First, as noted above, section 1632 generally exempts loans secured by real property from its ambit. Cal. Civ Code § 1632(b)(2). None

1  of the facts pled in the SAC indicate that this loan was negotiated by a real estate broker or that
2  Defendant DHI is such a broker. *See* Cal. Civ. Code § 1632(b)(4); Cal. Bus. & Prof. Code § 10240.
3  As such, the Court concludes that Plaintiff's loan is covered by the general rule excluding it from the
4  scope of section 1632.

5  Second, the statute of limitations on a claim under section 1632 is one year. Cal. Civ. Proc.
6  Code § 340(a). *See also Espinoza v. Recontrust Co., N.A.*, 2010 WL 1568551, at *10 n.4 (S.D. Cal.
7  2010); *Castaneda v. Sazon Mortgage Serv., Inc.*, — F. Supp. 2d. 2009 WL 4640673, at *7 (E.D. Cal.
8  2009); *Delino v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226, 1231–32 (S.D. Cal. 2009). Plaintiff
9  entered into her loan agreement on December 17, 2006 and did not file suit in this case until August
10 31, 2009. Thus, Plaintiff's claim under section 1632 is time barred.

11 There are other problems with this claim, but based on the two defects set forth above, the
12 Court declines to include that analysis in its Order. In light of these issues, Defendant's motion to
13 dismiss must be **GRANTED** and the seventh cause of action **DISMISSED WITH PREJUDICE**.

14 **V.   CALIFORNIA UNFAIR BUSINESS PRACTICES ACT CLAIM**

15 Plaintiff's sixth claim alleges that "Defendants" violated California Business and Professions
16 Code section 17200, *et seq.* (SAC ¶¶ 73–77.) She alleges that "by reason of Defendants' fraudulent,
17 deceptive, unfair and other wrongful conduct as . . . alleged, . . . Defendants have violated" section
18 17200. (*Id.* ¶ 75.) Plaintiff also claims to have "suffered . . . damages in a sum which is, as yet,
19 unascertained." (*Id.* ¶ 77.)

20 "California's unfair competition statute prohibits any unfair competition, which means 'any
21 unlawful, unfair or fraudulent business act or practice.'" *In re Pomona Valley Med. Group, Inc.*, 476
22 F.3d 665, 674 (9th Cir. 2007) (citing Cal. Bus. & Prof. Code §§ 17200, et seq.). To state a claim, the
23 plaintiff must allege that the Defendant's acts were unlawful, unfair or fraudulent. *Id.*

24 "The 'unlawful' practices prohibited by . . . section 17200 are any practices forbidden by law,
25 be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *South Bay*
26 *Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 881 (1999) (citations omitted).
27 The unlawful prong "borrows" violations of other laws and makes them independently actionable.
28 *See id.*; *see also Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 938 (2003). The Court has

1 already dismissed all causes of action against Defendant DHI. Thus, there is no basis for an
2 "unlawful" claim in the SAC.

3 Even if a practice is not "unlawful," it may still be "unfair." *See Cel-Tech Commc'ns, Inc. v.*
4 *L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180–81 (1999). In *Cel-Tech*, the California Supreme Court
5 held that conduct is "unfair" between business competitors only if it is "tethered" to an underlying
6 law. *Cel-Tech*, 20 Cal. 4th at 186–87. Although whether this "tethering" test applies to consumers
7 allegations of unfair competition is not settled, this Court finds that the "tether" test is most in line
8 with the California Supreme Court's reasoning in *Cel-Tech*. *See Gregory v. Albertson's, Inc.*, 104 Cal.
9 App. 4th 845, 854 (2002); *Scripps Clinic*, 108 Cal. App. 4th at 938 (same); *but see Smith v. State*
10 *Farm Mutual Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718–19 (2001) (applying a balancing test).

11 The SAC does not "tether" its allegations of unfairness to any underlying law but merely states
12 that Defendant's conduct was unfair. The Court could infer from Plaintiff's opposition and allegation
13 that she wishes to "tether" her unfair claim to the laws set out in her other causes of action. (*See* Opp.
14 at 7.) However, as noted in the discussion of the "unlawful" prong, all of Plaintiff's other claims
15 against DHI have been dismissed.

16 Finally, to state a cause of action under the fraudulent prong of Section 17200, "it is necessary
17 only to show that 'members of the public are likely to be deceived.' Allegations of actual deception[
18 and] reasonable reliance . . . are unnecessary." *Comm. on Children's Television, Inc. v. Gen. Foods*
19 *Corp.*, 673 P.2d 660, 668 (Cal. 1983).

20 Again, the SAC simply states that Defendant engaged in "fraudulent" conduct constituting a
21 "fraudulent business practice." (SAC ¶¶ 75–76.) She does not allege which specific acts were
22 fraudulent or that "members of the public are likely to be deceived" by such a business practice.
23 *Comm. on Children's Television*, 673 P.2d at 668. Given this defect, Plaintiff's section 17200
24 fraudulent prong claim cannot survive Defendant's motion to dismiss.

25 Since Plaintiff's sixth cause of action does not state a claim under the unlawful, unfair, or
26 fraudulent prong of section 17200, the motion to dismiss is **GRANTED** and this claim is **DISMISSED**
27 **WITH PREJUDICE**.

28 //

## CONCLUSION

For the reasons stated, Defendant DHI's motion to dismiss is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** as to Defendant DHI. The Clerk shall close the file.

IT IS SO ORDERED.

DATED: July 13, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge