# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA OROZCO,<br><br>        Plaintiff,<br><br>vs.<br><br>DHI MORTGAGE CO. LTD, LP.; OCWEN LOAN SERVICING, LLC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; et al.,<br><br>        Defendants. | CASE NO. 09-CV-1894 JLS (BLM)<br><br>**ORDER: (1) GRANTING DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS AND (2) DISMISSING WITH PREJUDICE ALL CLAIMS AGAINST DEFENDANT OCWEN LOAN SERVICING, LLC**<br><br>(Doc. No. 43) |

Presently before the Court is Defendant Ocwen Loan Servicing, LLC's motion to dismiss the Second Amended Complaint (SAC). (Doc. No. 43.) Plaintiff has not filed an opposition to this motion. After due and full consideration, the Court **GRANTS** Defendant's motion and **DISMISSES WITH PREJUDICE** all claims against Defendant Ocwen.

## BACKGROUND

The factual background of this case was set forth in detail in the Court's February 10, 2010 Order granting the Defendants' motions to dismiss. (Doc. No. 33 (Prior Order) at 2.) That summary is incorporated by reference here.

Plaintiff filed the Complaint in this case on August 31, 2009. (Doc. No. 1.) On October 22, 2009, Defendant Ocwen filed a motion to dismiss. (Doc. No. 5.) Similarly, on November 3, 2009,

1  Defendant DHI Mortgage Co. Ltd., L.P. filed a motion to dismiss. (Doc. No. 9.) The deadlines for Plaintiff's responses to these motions came and went without any substantive opposition. (Doc. Nos. 7 & 11.) Instead, Plaintiff sought additional time to amend her Complaint, which the Court granted. (Doc. Nos. 12, 13, & 14.) On November 30, 2009, Plaintiff filed her First Amended Complaint. (Doc. No. 16.) Again, Defendants DHI and Ocwen each filed a motion to dismiss. (Doc. Nos. 20 & 22.) And although Plaintiff timely responded to Defendant DHI's motion, her opposition to Defendant Ocwen's motion was outside of the time set by the Court. (Doc. Nos. 24, 27, & 28.) On February 10, 2010, the Court granted both motions to dismiss and dismissed the First Amended Complaint in part with prejudice and in part without prejudice. (Prior Order at 14.)

On January 21, 2010, while the second set of motions to dismiss were pending before the Court, Plaintiff filed a motion for leave to file a Second Amended Complaint. (Doc. No. 31.) She did so in spite of the Court's express directive that such a motion would not be considered. (*See* Doc. No. 19 ("The Court will not entertain any further requests to amend the complaint while a motion to dismiss is pending unless all parties indicate their consent to such motion in writing.").) Attached to this motion was a proposed Second Amended Complaint. (Doc. No. 31-2.) After dismissing the First Amended Complaint, the Court granted this motion and allowed Plaintiff until March 3, 2010 to file a Second Amended Complaint. (Prior Order at 14.)

On March 9, 2010, with no amended complaint on file, Defendant Ocwen moved the Court to dismiss the entire matter with prejudice. (Doc. No. 34.) Plaintiff requested that the Court deny this motion and allow her to have the Exhibit to her first motion to amend docketed as the SAC. (Doc. No. 37.) She made this request even though the proposed SAC was drafted prior to the Court's Order dismissing her First Amended Complaint. Although Defendants opposed the request, the Court granted Plaintiff's motion on April 16, 2010 and ordered the SAC filed. (Doc. No. 41.)

On April 22, 2010, Defendant Ocwen moved to dismiss the SAC. (Doc. No. 43.) The Court then issued an Order stating, *inter alia*, that "[i]f Plaintiff chooses to file an opposition, she **SHALL FILE** by May 7, 2010." (Doc. No. 44 (emphasis and capitalization in original).) Plaintiff did not file an opposition.

//

# LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

//

//

**ANALYSIS**

Defendant Ocwen "is or was the current servicer/lender in the loan transaction that is the subject of" the SAC. (SAC ¶ 4.) The SAC sets forth claims against Defendant Ocwen for intentional misrepresentation, quiet title, violations of the Real Estate Settlement Procedures Act, the Truth in Lending Act, unfair business practices, and violations of California Civil Code section 1632.

**I.    CONSENT TO DISMISSAL**

Southern District of California Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1. e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."  In this case, Plaintiff has failed to opposed Defendant Ocwen's motion.  The Court finds that by her failure to oppose, she consents to the granting of Plaintiff's motion.  Therefore, Defendant's motion is **GRANTED** and the SAC is **DISMISSED WITH PREJUDICE** as to Defendant Ocwen.

**II.   OCWEN'S SUBSTANTIVE ARGUMENTS**

However, even if the Court were to address Defendant's motion on the merits, it would still come to the same conclusion.

A.    Intentional Misrepresentation

The first cause of action in the SAC is for intentional misrepresentation.  (SAC ¶¶ 23–42.) Plaintiff alleges that "Defendant DHI provided with (sic) documents that contained material misstatements of fact and also failed to provide all required loan documents." (FAC ¶ 24.) The Court infers from the SAC that Plaintiff believes that these misrepresentations included the fact that the initial interest rate was lower than the fully indexed interest rate at the time the loan closed and Defendant DHI "under-disclosed" the finance charges. (*Id.*)  She also claims that DHI "failed to inform Plaintiff of her right to rescind, and failed to disclose numerous federal safeguards in the application process." (*Id.* ¶ 25.) Nor, allegedly, did Defendant DHI provide "the Initial Goof (sic) Faith Estimate or an Initial TILA." (*Id.* ¶ 26.) As to Defendant Ocwen, Plaintiff alleges that it "was in possession of evidence that the loan it was servicing was defective," that it "was on actual notice of the defectiveness of the loan," and that "[a]ll actions made by DHI, (sic) flowed through to the subsequent servicers, including OCWEN LOAN, making it liable for any and all acts or omissions

1 made by Defendant DHI." (*Id.* ¶¶ 29–31.) Plaintiff alleges that she discovered these false representations within the past year. (*Id.* ¶ 40.)

In this Court's Prior Order, it dismissed Plaintiff's intentional misrepresentation claim against Defendant Ocwen for three reasons. First, it found that the "allegations . . . [did] not state a cause of action for intentional misrepresentation" and therefore dismissed in light of Federal Rule of Civil Procedure 8(a). (Prior Order at 8.) Next, it held that Plaintiff's pleadings were inadequately specific to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b). (*Id.*) Finally, the Court found that Plaintiff had not offered "a cogent legal basis" for her argument that "'all actions made by DHI[] flowed through to the subsequent servicers, including OCWEN LOAN, making it (sic) liable for any and all acts or omissions made by Defendant DHI.'" (*Id.* at 9.)

The Court finds that each of these problems remain in the SAC. First, the Court finds that Plaintiff's right to relief on her intentional misrepresentation claim is "implausible" in light of the facts pled. *Iqbal*, 129 S. Ct. at 1949. Intentional misrepresentation under California law requires "'(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.'" *Alliance Mortgage Co. v. Rothwell*, 900 P.2d 601, 608 & n.4 (Cal. 1995) (quoting *Molko v. Holy Spirit Ass'n*, 762 P.2d 46, 53 (Cal. 1988)). California law defines "concealment" as "[t]he suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact." Cal. Civ. Code § 1710(3).

As with the First Amended Complaint, the SAC does not allege any affirmative misrepresentations or facts not disclosed. For example, although the SAC states that "DHI placed Plaintiff in a loan with an initial payment based on an artificially low interest rate of 6% while the fully indexed rate at the time the loan closed was 10.722%," it does not allege that the initial interest rate was not 6% or that Defendants concealed or misrepresented the fully indexed rate. (SAC ¶ 24(a).)

Similarly, the SAC claims that DHI "filed to inform Plaintiff" of certain rights and safeguards and did not provide particular documents mandated under federal law. (SAC ¶¶ 25–26.) This is also not cognizable for intentional misrepresentation as pled. Plaintiff has not indicated why DHI had a

duty to disclose the "right to rescind" or the "numerous federal safeguards in the application process." (*Id.* ¶ 25.) Nor, with respect to the "the Initial Goof (sic) Faith Estimate or . . . Initial TILA," has she stated <u>facts</u> that were suppressed or not disclosed by DHI. (*Id.* ¶ 26.) "Certainly those documents would contain facts, but those facts may have been disclosed during the negotiations or in other documents. Were the relevant underlying facts disclosed, there would be no cognizable claim for concealment because nothing had been concealed even if Defendant DHI failed to provide the documents mandated by TILA." (Prior Order at 5.)

Moreover, although Plaintiff states that she "justifiably relied upon the false material statements contained in the documents," she has not offered facts which explain how she relied on these facts, what she would have done differently had she known of these facts, or why she would have acted differently in light of the allegedly concealed facts. (SAC ¶ 39.)

Next, the Court finds that the intentional misrepresentation claim in the SAC still does not satisfy the heightened pleading standard of Rule 9(b).[1] Rule 9(b) states that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." These allegations must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.' Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. '[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citations omitted); *see also* Prior Order at 6.

Plaintiff clearly has not identified the "who," "when," "where," of the alleged misrepresentations and is deficient in terms of identifying the "what" and "how." *Vess*, 317 F.3d at 1106. She has not alleged any names, dates, or places involved in the misrepresentations or the omissions. Although Plaintiff explains that someone verbally made these misrepresentations, she does

---

[1] As this Court has previously held, Rule 9(b) applies to this claim because intentional misrepresentation, whether affirmative or by matter of concealment, is a form of fraud. (Prior Order at 5–6 (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003) and *Cadlo v. Owens-Illinois, Inc.*, 23 Cal. Rptr. 3d 1, 5 (Cal. Ct. App. 2004)).)

1  not indicate who said this, whether it was over the telephone or in person, or where or when these
2  misrepresentations were made. (SAC ¶ 39.) This is an inadequate degree of specificity in light of
3  Rule 9(b)'s requirements. (*See* Prior Order at 5–6, 8.)

4      Finally, the SAC does not offer any basis for holding Defendant Ocwen liable for the alleged
5  misrepresentations. As before, Plaintiff makes clear that Defendant Ocwen "is the current servicing
6  company of [Plaintiff's] loan." (SAC ¶ 10.) She also clearly indicates that Ocwen was not involved
7  in her loan's origination (*id.* ¶¶ 8–9, 11–17) and that any alleged misrepresentation or omission was
8  made by Defendant DHI. (*Id.* ¶¶ 24–26.) Nonetheless, based on Defendant Ocwen's "possession of
9  evidence" regarding the alleged misrepresentations and omissions and its "actual notice [regarding]
10 the defectiveness loan (sic)," DHI's misrepresentations "flowed through to" Defendant Ocwen. (*Id.*
11 ¶¶ 29–31.)

12     As in its Order regarding the First Amended Complaint, the Court sees no legal basis for
13 holding Ocwen liable on this claim. (*See* Prior Order at 9.) To the extent that Plaintiff alleges
14 affirmative misrepresentations, she has not alleged that Ocwen affirmatively misrepresented anything.
15 If, however, her claim is for fraudulent concealment, Plaintiff does not allege facts which would
16 establish that Defendant Ocwen had any duty to disclose. Plaintiff's bare allegation that Defendant
17 Ocwen "had a legal duty to disclose" the allegedly concealed facts is inadequate. This legal
18 conclusion is entitled to no presumption of validity because Plaintiff has not alleged sufficient facts
19 to make it plausible. *Iqbal*, 129 S. Ct. at 1949.

20     Given that the SAC does not state a claim for intentional misrepresentation against Defendant
21 Ocwen, the motion to dismiss is **GRANTED** as to this cause of action. It is therefore **DISMISSED**
22 **WITH PREJUDICE**.

23     B.    Quiet Title

24     Plaintiff's second cause of action is to quiet title on her real property. (SAC ¶¶ 43–47.) As
25 in the First Amended Complaint, she alleges that she "is the owner in fee of title to property
26 commonly known as 62 West Blue Sky Drive, Heber CA 92249" and that "DEFENDANTS
27 WESTERN PROGRESSIVE and/or MERS claim and assert interests in the above-described real
28 property which are adverse to Plaintiff." (*Id.* ¶¶ 44–45.) Plaintiff also asserts that "[t]he deeds of trust

are invalid and void as to Plaintiff's property because Plaintiff is entitled to offsets against the promissory notes that are secured by the deeds of trusts, and these offsets are greater in amount than the sum that would otherwise be due." (*Id.* ¶ 46.)

As stated in the Court's Prior Order:

> An action to quiet title in California arises under Code of Civil Procedure section 760.010, et seq. A plaintiff may bring such an action "to establish title against adverse claims to real or personal property or any interest therein." Cal. Code. Civ. P. § 760.020(a). The Code defines a "'Claim' [as] includ[ing] a legal or equitable right, title, estate, lien, or interest in property or cloud upon title." Cal. Code. Civ. P. § 760.010(a).

(Prior Order at 11.)

Although Plaintiff asserts this quiet title action against all Defendants, she states only that "DEFENDANTS WESTERN PROGRESSIVE and/or MERS claim and assert interests in the . . . real property which are averse to Plaintiff." (SAC ¶ 45.) Defendant Ocwen, however, is completely absent from these allegations. Because a claim for quiet title is only proper against someone making an adverse claim against the property and since Plaintiff still does not allege that Defendant Ocwen is making such a claim, the motion to dismiss is **GRANTED** as to this claim. Moreover, since the Court identified this flaw in its Prior Order and Plaintiff has failed to address it, this **DISMISSAL** is **WITH PREJUDICE**.

C.  Real Estate Settlement Procedures Act Allegations

In her third cause of action, Plaintiff alleges that Defendant Ocwen violated the Real Estate Settlement Procedures Act (RESPA), specifically the provision contained in 12 U.S.C. § 2605(e).[2] (SAC ¶¶ 48–56.) She claims that she "sent a Qualified Written Request ('QWR') . . . to Ocwen" but Defendant Ocwen failed to respond. (*Id.* ¶¶ 50 & 52.) This QWR "sought information on whether or not the loan was in lawful compliance with all federal and state law regarding disclosure," along with various other loan-related information. (*Id.* ¶ 51.) "As a result of the [alleged RESPA violation,] Plaintiff requests the Court to order an accounting" of her loan. (*Id.* ¶ 53.)

As in the First Amended Complaint, this cause of action fails to state a claim upon which relief

---

[2] Plaintiff's fifth cause of action also alleges violations of RESPA. (SAC ¶¶ 67–72.) Defendant Ocwen argues that it should also be dismissed. (Memo. ISO Motion at 11.) However, the fifth cause of action is not alleged against Ocwen, *see* SAC at 13, and there it is not addressed in this Order.

1  may be granted.  For example, the SAC does not plead sufficient facts to allow the Court to draw the
2  legal conclusion that Plaintiff's letter was a QWR.  RESPA sets out two requirements for a QWR: (1)
3  it must "include[], or otherwise enable[] the servicer to identify, the name and account of the
4  borrower," and (2) it must "include[] a statement of the reasons for the belief of the borrower . . . that
5  the account is in error or provide[] sufficient detail to the servicer regarding other information sought
6  by the borrower."  12 U.S.C. §2605(e)(1)(B).  As alleged, it is not clear that the letter sent by Plaintiff
7  "include[d], or otherwise enable[d] the servicer to identify," her name and account.  12 U.S.C. §
8  2605(e)(1)(B)(i).  This allegation is essential to the plausibility of Plaintiff's right to relief.  *See*
9  *Lincoln v. GMAC Mortgage, LLC*, 2009 WL 5184413, at *2 (C.D. Cal. 2009).

10  For relief, Plaintiff seeks an accounting and actual and statutory damages.  However, there are
11  problems with both.  First, there is still no allegation that Plaintiff suffered "actual damages . . . as a
12  result of [Ocwen's] failure" to respond to her QWR.  12 U.S.C. § 2605(f)(1)(A).  Nor has Plaintiff
13  added factual allegations suggesting a "a pattern or practice of noncompliance."  12 U.S.C. §
14  2605(f)(1)(B).  Without at least one of these, Plaintiff cannot prevail on this claim.  *See Garcia v.*
15  *Wachovia Mortgage Corp.*, 676 F. Supp. 2d 895, 909–10 (C.D. Cal. 2009).

16  Moreover, there is no statutory basis for an accounting pursuant to 12 U.S.C. § 2605.  *See*
17  *Gaitan v. Mortgage Elec. Registration Sys.*, 2009 WL 3244729, at *13 (C.D. Cal. 2009).  However,
18  the Court will look to California law to determine whether Plaintiff might have an independent basis
19  for an accounting.

20  "An action for an accounting . . . is a proceeding in equity for the purpose of obtaining a
21  judicial settlement of the accounts of the parties in which proceeding the court will adjudicate the
22  amount due, administer full relief and render complete justice."  *Verdier v. Superior Court*, 88 Cal.
23  App. 2d 527, 530 (1948).  "An accounting cause of action is equitable in nature, and may be sought
24  'where . . . the accounts are so complicated that an ordinary legal action demanding a fixed sum is
25  impracticable.'" *Civic W. Corp. v. Zilla Indus. Inc.*, 135 Cal. Rptr. 915, 923 (Cal. Ct. App. 1977).  The
26  party seeking an accounting must be a "wronged fiduciary."  *See Glue-Fold, Inc. v. Slautterback*
27  *Corp.*, 98 Cal Rptr. 2d 611, 663 n.3 (Cal. Ct. App. 2000).  "'A suit for an accounting will not lie where
28  it appears from the complaint that none is necessary or that there is an adequate remedy at law.  An

accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain.'" *Id.* (citation omitted).

In this case, the facts contained in the SAC do not demonstrate any sort of fiduciary relationship between Plaintiff and Ocwen. *See Nymark*, 231 Cal. App. 3d at 1096. Similarly, there is also no allegation that these accounts are particularly complicated or that there is no adequate remedy at law. *Civic W.*, 135 Cal. Rptr. at 923. As such, Plaintiff is not entitled to an accounting.

Therefore, the motion to dismiss the third cause of action as against Defendant Ocwen is **GRANTED**. Further, since Plaintiff failed to correct any of the defects identified in the Prior Order, this claim is **DISMISSED WITH PREJUDICE**.

### D. Truth In Lending Act Allegations

The fourth claim in the SAC alleges violations of the federal Truth In Lending Act (TILA), 15 U.S.C. §§ 1601–1666j. (SAC ¶¶ 57–66.) According to Plaintiff, the Defendants "violated the requirements of HOEPA and Regulation Z by failing to make required disclosure" regarding the right of rescission, the annual percentage rate, and the amount borrowed. (*Id.* ¶ 64.)

The two problems identified in this Court's Prior Order remain in the SAC. (*See* Prior Order at 6–8, 13.) First, this claim is untimely. The Truth In Lending Act applies a one year statute of limitations to damages claims which begins to run from the date the loan transaction is consummated. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986); 15 U.S.C. § 1640(e). Plaintiff entered into the relevant mortgages on December 17, 2006. (SAC ¶ 8.) Thus, a timely damages claim would have to be filed by December 17, 2007. Her claim here was filed on August 31, 2009, nearly two years too late.

However, equitable tolling of the TILA claim may be available "if the general rule would be unjust or frustrate the purpose of the Act." *King*, 784 F.2d at 915. Specifically, tolling is proper where there are "allegations of fraudulent concealment which by their very nature, if true, serve to make compliance with the limitation period imposed by Congress an impossibility." *Id.* (quoting *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984)).

In its Prior Order, this Court noted that "Plaintiff had a reasonable opportunity to discover the failure to turn over the allegedly omitted documents on the day that the loan closed. The fact that she

1  did not undertake an investigation of those documents until substantially later is no reason to
2  compromise Congress's stated limitations period." (Prior Order at 7.) Since there are no new facts
3  pled in the SAC, there is no reason for the Court to deviate from its prior position.

4      The second problem with Plaintiff's TILA claim against Defendant Ocwen is that it is not
5  allowed under the statute. Defendant Ocwen "is the current servicing company" of Plaintiff's loan.
6  (SAC ¶ 10.) TILA states that generally "[a] servicer of a consumer obligation arising from a consumer
7  credit transaction shall not be treated as an assignee of such obligation for purposes of this section
8  unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f)(1). The SAC contains
9  no allegations that Defendant Ocwen ever possessed any ownership interest in Plaintiff's obligation
10 and, as such, it cannot be held liable on this claim.

11     Therefore, since Plaintiff's claim is time-barred and since Defendant Ocwen is not a proper
12 Defendant on this claim, the Court **GRANTS** Ocwen's motion to dismiss and **DISMISSES** this claim
13 against Ocwen **WITH PREJUDICE**.

14     E.    <u>California Civil Code § 1632 Claim</u>

15     Plaintiff's seventh cause of action asserts that Defendants DHI and Ocwen violated California
16 Civil Code § 1632. (SAC ¶¶ 78–82.) She alleges that "Defendants engage in a trade or business . .
17 . and negotiate contracts primarily in Spanish, and are required to provide said contracts to be
18 translated into Spanish." (*Id.* ¶ 79.) She also claims that her primary language is Spanish and
19 "Defendant's representative discussed the terms of the loan with Plaintiff in Spanish." (*Id.* ¶¶ 80 &
20 81.) Finally, Plaintiff asserts that "no pertinent documents were provided in Spanish." (*Id.* ¶ 81.)

21     Section 1632 requires anyone engaged in a trade or business to provide a written Spanish
22 translation of agreements when the agreement's negotiations occur primarily in Spanish. Cal. Civ.
23 Code § 1632(b). Loans and extensions of credit secured by real property are generally excluded from
24 this requirement. Cal. Civ. Code § 1632(b)(2). There is, however, an exception when the loan is
25 negotiated by a real estate broker. Cal. Civ. Code § 1632(b)(4); Cal. Bus. & Prof. Code § 10240. A
26 real estate broker is one who "solicits borrowers, or causes borrowers to be solicited, through express
27 or implied representations that the broker will act as an agent in arranging a loan, but in fact makes
28 the loan to the borrower from funds belonging to the broker." Cal. Bus. & Prof. Code § 10240(b).

This claim has numerous problems, each of which bar the claim. For example, none of the facts pled in the SAC indicate that Defendant Ocwen negotiated a contract with Plaintiff. Instead, the facts alleged state that Defendant DHI, not Defendant Ocwen, negotiated Plaintiff's loan. (*See, e.g.*, SAC ¶¶ 9, 11, 12, 13, 14, 15, 16, & 17 ("Plaintiff is a Spanish speaker and the loan with DEFENDANT DHI MORTGAGE was negotiated in Spanish." (capitalization in original)).) Without facts that establish that Defendant Ocwen negotiated the contract, Plaintiff's right to recovery is implausible.

Another problem with this claim is that when, as here, a loan is secured by real property, it is not covered by section 1632. Cal. Civ Code § 1632(b)(2). Moreover, none of the facts pled indicate that this loan was negotiated by a real estate broker or that Defendant Ocwen is such a broker. *See* Cal. Civ. Code § 1632(b)(4); Cal. Bus. & Prof. Code § 10240. As such, the Court must conclude that Plaintiff's loan is covered by the general rule excluding it from the scope of section 1632.

Although several other issues exists with respect to this claim, there is no need to address them for purpose of this Order. The two defects discussed above are sufficient that Defendant's motion to dismiss must be **GRANTED** and the seventh cause of action **DISMISSED WITH PREJUDICE**.

F. California Unfair Business Practices Act Claim

Plaintiff's sixth claim alleges that Defendants violated California Business and Professions Code section 17200, *et seq.* (SAC ¶¶ 73–77.) She alleges that "by reason of Defendants' fraudulent, deceptive, unfair and other wrongful conduct as . . . alleged, . . . Defendants have violated" section 17200. (*Id.* ¶ 75.) Plaintiff also claims to have "suffered . . . damages in a sum which is, as yet, unascertained." (*Id.* ¶ 77.)

"California's unfair competition statute prohibits any unfair competition, which means 'any unlawful, unfair or fraudulent business act or practice.'" *In re Pomona Valley Med. Group, Inc.*, 476 F.3d 665, 674 (9th Cir. 2007) (citing Cal. Bus. & Prof. Code §§ 17200, et seq.). To state a claim, the plaintiff must allege that the Defendant's acts were unlawful, unfair or fraudulent. *Id.*

"The 'unlawful' practices prohibited by . . . section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 881 (1999) (citations omitted).

1 The unlawful prong "borrows" violations of other laws and makes them independently actionable.
2 *See id.*; *see also Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 938 (2003). In this case,
3 however, Plaintiff does not state an "unlawful" claim because all causes of action against Defendant
4 Ocwen have been dismissed.

5 Even if a practice is not "unlawful," it may still be "unfair." *See Cel-Tech Commc'ns, Inc. v.*
6 *L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180–81 (1999). In *Cel-Tech*, the California Supreme Court
7 held that conduct is "unfair" between business competitors only if it is "tethered" to an underlying
8 law. *Cel-Tech*, 20 Cal. 4th at 186–87. Although whether this "tethering" test applies to consumers
9 allegations of unfair competition is not settled, this Court finds that the "tether" test is most in line
10 with the California Supreme Court's reasoning in *Cel-Tech*. *See Gregory v. Albertson's, Inc.*, 104 Cal.
11 App. 4th 845, 854 (2002); *Scripps Clinic*, 108 Cal. App. 4th at 938 (same); *but see Smith v. State*
12 *Farm Mutual Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718–19 (2001) (applying a balancing test).

13 In this case, the SAC does not "tether" its allegations of unfairness to any underlying law.
14 Rather it simply states that Defendants acted unfairly. This is insufficient to assert a section 17200
15 unfairness claim.

16 Finally, to state a cause of action under the fraudulent prong of Section 17200, "it is necessary
17 only to show that 'members of the public are likely to be deceived.' Allegations of actual deception[
18 and] reasonable reliance . . . are unnecessary." *Comm. on Children's Television, Inc. v. Gen. Foods*
19 *Corp.*, 673 P.2d 660, 668 (Cal. 1983). The SAC does not allege that "members of the public are likely
20 to be deceived," but merely claims that Defendants engaged in a "fraudulent business practice." This
21 is inadequate to survive Defendant's motion to dismiss.

22 Thus, since Plaintiff's claim does not state a claim under the unlawful, unfair, or fraudulent
23 prong of section 17200, the Defendant's motion to dismiss is **GRANTED** and this claim is
24 **DISMISSED WITH PREJUDICE**.

25     G.    Rescission

26 Finally, Plaintiff has introduced a new problem into several claims in the Second Amended
27 Complaint. Specifically, in her prayer for relief Plaintiff states that she is seeking rescission of her loan
28 under TILA, RESPA, and California Civil Code § 1632. However, in Plaintiff's opposition to

Defendant DHI's motion to dismiss the First Amended Complaint, Plaintiff stated that she "is not seeking rescission relief against DHI and has abandoned the remedy as to all other parties." (Doc. No. 23 at 4; *see also* Prior Order at 7 n.3.)  As such, Plaintiff is now estopped from seeking rescission as a remedy.  It would be inequitable to allow her assert abandonment of a remedy and then later amend her complaint in order to reassert that remedy.   Therefore, all requests for rescission in the SAC are **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the reasons stated, Defendant Ocwen's motion to dismiss is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** as to Defendant Ocwen.

IT IS SO ORDERED.

DATED: July 13, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge